IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DeJuan Gaines (#R-41684), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 3977 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Wexford Health Sources, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [2] is denied. Plaintiff must pay the full statutory filing fee of $400.00. Failure to pay the filing fee by August 31, 2018, will result in summary dismissal of this case.

## STATEMENT

Plaintiff DeJuan Gaines, an Illinois prisoner, brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning medical treatment he received at the Dixon Correctional Center from October 2016 to December 2016. He applied for leave to proceed *in forma pauperis* on the basis that he lacked the financial ability to pay the court's filing fee, but his account statement shows that he received ample funds from outside sources to pre-pay the fee. Specifically, the statement reflects that plaintiff had a beginning balance of $446.98 on November 22, 2017, and received additional deposits to his account totaling $719.52 from November 28, 2017 to May 15, 2018. [2]. Although plaintiff had less than $400 in his account the day his application to proceed *in forma pauperis* was certified on May 17, 2018, he spent more than $760 at the commissary and disbursed $258 in cash gifts during the six months immediately preceding his initiation of this action. He also had a balance of more than $400 in his account on several occasions during that same time period.

Plaintiff "essentially has no living expenses" because he is incarcerated and thus receives the necessities of life at taxpayers' expense. *See*, *e.g.*, *Harris v. Doe*, No. 14 C 10121, 2015 WL 913449, at *1 (N.D. Ill. Feb. 27, 2015). Although plaintiff's trust fund balance at the precise moment that he filed this case was not enough to pay the filing fee, the court need not grant *in forma pauperis* status when an inmate has depleted his funds before filing suit. *See Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (noting that a prisoner who "squander[s]" all his assets is not entitled to proceed *in forma pauperis*). The activity in plaintiff's trust fund account shows that he spent enough money on discretionary endeavors to pay the filing fee twice over. Given when the complaint's underlying events happened, plaintiff was aware of the basis for this lawsuit

1

and could have set aside funds to pay the fee. Instead of doing that, he chose to spend his funds on other pursuits.

In light of the sums received and then spent by plaintiff during the six-month period immediately before he filed this lawsuit, the court finds that plaintiff has the means to pay the $400.00 filing fee. Plaintiff therefore must prepay the statutory filing fee if he wants to proceed with this action. Plaintiff may pay by check or money order made payable to Clerk of Court, United States District Court. Failure to comply with this order by the date set forth above will result in summary dismissal of this action.

Date: 07/11/2018                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)